IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| TRI-PHARMA, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAFE HARVEST MEDICAL, LLC; SAFE HARVEST, LLC; GARRETT MANN; LILLIAN BAY HOLDINGS, LLC; LILLIAN BAY MEDICAL, INC.; and BRAD BEATTY, <br><br> Defendants. | Case No. 7:22-CV-00231 <br> (JURY DEMANDED) |

**LILLIAN BAY HOLDINGS, LLC, N/K/A LILIAN BAY MEDICAL, INC., and BRAD BEATTY'S MOTION FOR LEAVE TO FILE ANSWER TO THIRD AMENDED COMPLAINT AND MOTION TO SET ASIDE ENTRY OF DEFAULT**

TO THE HONORABLE COURT:

COME NOW Defendants Lillian Bay Holdings, LLC N/K/A Lillian Bay Medical, Inc. and Brad Beatty (collectively, "Defendants") and hereby file Defendants' Motion for Leave to File Answer to Third Amended Complaint and to Vacate Entry of Default and would show unto the Court the following:

**I.
SUMMARY OF THE MOTION**

Defendants seek leave of court to file an answer to Plaintiff's Third Amended Complaint and to Set Aside Default Judgment because there exists both excusable neglect regarding the filing of a timely answer and good cause for setting aside the entry of default.

Defendant Beatty filed an Answer to Amended Complaint (Doc. 172) in response to the Plaintiff's Third Amended Complaint (Doc. 163) evidencing an intent to continue to defend the

1

Defendants' Motion for Leave to File Answer to Third Amended Complaint and in the Alternative Motion to Vacate Entry of Default

suit. In fact, for more than a year, the Defendants vigorously defended this action in the Federal District Court for the Middle District of Florida, Tampa Division. Except for the entry of default by the clerk of the Court, the Defendants have always evinced an intent to defend the lawsuit, denied the allegations of fraudulent conduct, and are prepared to set forth a meritorious defense. Further, this Court has denied Plaintiff's Motion for Entry of Default Judgment pursuant to its order on March 22, 2023.

## II.
## ARGUMENT AND AUTHORITIES

Under Rule 6(b)(1)(b) of the Federal Rules of Civil Procedure, the Court can extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Additionally, pursuant to Fed. R. Civ. P. 55 (c) the Court can set aside an entry of default for good cause. "The language of this rule is discretionary, and the decision to set aside a default is committed to the sound discretion of the trial court." *Moreno v. LG Elecs, USA Inc.*, 300 F. 3d 692, 698 (5th Cir. 2015) (internal quotation omitted). A party is not entitled to a default judgment as a matter of right even when the defendant is technically in default. *Ganther v. Ingle*, 75 F. 3d 207, 212 (5th Cir. 1996) (internal citation omitted). Generally, a default judgment is a drastic remedy not favored by the Federal Rules of Civil Procedure and is used only in the most extreme cases. *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n*, 874 F. 2nd 274, 276 (5th Cir. 1989). In this case, good cause and excusable neglect exist for the reasons set forth herein.

In *Bennett v. City of Holyoke*, the First Circuit explained that the breadth of "excusable neglect" is so great that it includes even those instances in which the circumstances were within the movant's control:

> The determination of whether a party's conduct constitutes 'excusable neglect' is an equitable one that requires a court to

2

Defendants' Motion for Leave to File Answer to Third Amended Complaint and in the Alternative Motion to Vacate Entry of Default

consider all relevant circumstances. For that reason, the notion is an 'elastic concept.' Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness. Hence, it clearly is broad enough to encompass even those omission caused by circumstances within the movant's control.

362 F. 3d 1 (1st Circ. 2004).

"[T]he requirement of 'good cause'. . . ha[s] generally been interpreted liberally." *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991). Courts will look at the following factors to determine whether good cause exists to set aside a default: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). These factors are not exclusive, but they are to be regarded simply as a means to identify good cause. *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales*, 346 F.3d 552, 563 (5th Cir. 2003); *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992). First, setting aside the default judgment will not prejudice Plaintiff. Second, there exists a meritorious defense to the amended complaint. Finally, there is no culpable conduct attributable to the Defendants which would otherwise be considered willful, allowing this Court to exercise its authority to grant the Defendants an opportunity to file their answer.

a. **No Prejudice to the Plaintiff.**

Granting the Defendants' Motion for Leave to File Answer would not prejudice the Plaintiff as this case is set to go to trial against the other defendants pursuant to this Court's scheduling order. It is believed that the evidence that Plaintiff needs to submit to the Court will not be altered in any material way should the Court grant this Motion. Other than allowing the Defendants the ability to present their defenses to the Plaintiff's allegations as the other defendants will most

3

Defendants' Motion for Leave to File Answer to Third Amended Complaint and in the Alternative Motion to Vacate Entry of Default

Defendants' Motion for Leave to File Answer to Third Amended Complaint and in the Alternative Motion to Vacate Entry of Default

certainly do, and grant them the right to cross-examine witnesses and put their evidence into the record, the Plaintiff's case will not be materially altered should the Court grant this motion.

**b. No Willful Neglect by Defendants.**

Mr. Beatty moved expeditiously and as best he could to respond to the default entered by the clerk to the Second Amended Complaint and filed an answer to the Third Amended Complaint. Notwithstanding his pro se efforts, default was entered following the filing and serving of Plaintiff's Second Amended Complaint on February 1, 2022. At this time, Mr. Beatty was no longer represented by counsel and was unsure of the required deadlines (Doc 188). The default was entered by the clerk on March 1, 2022, and by March 14, 2022, Mr. Beatty filed his Response to Plaintiff's Motion for a Clerk's Default (Doc 129). The Tampa Court understood Mr. Beatty's Response to be a Motion to Set Aside Default. On April 1, 2022, Plaintiff moved for default judgment and later on May 31, 2022, filed a Third Amended Complaint (Doc. 163). Following the filing and service of the Third Amended Complaint, Mr. Beaty filed a Motion for Reversal of Default Judgment, which the Tampa Court considered to be a Motion to Set Aside Default Judgment pursuant to Federal Rule of Civil Procedure 55(c) (Doc 173). On the very same day, Mr. Beatty filed an Answer to the Third Amended Complaint (Doc. 172). Plaintiff filed a response to Beatty's Motion stating that Doc. 173 should be denied because it was not in compliance with local practice (failed to include a Memorandum of Law) and failed to properly set forth "good cause."

Notwithstanding the technical deficiencies in his motions and pleadings, it is apparent that Mr. Beatty maintained his position in opposition to both the Second Amended Complaint and the Third Amended Complaint. Mr. Beatty acted as quickly as he could in the manner which he believed – as a pro se litigant – was appropriate. Although the Tampa Court found that Mr. Beatty

4

failed to comply with technical aspects of local rules and motions practice, his actions were not egregious and were satisfactorily explained. Exacerbating the issue even further, on July 11, 2022, the Tampa Court granted Mr. Beatty 14 days to file an amended motion to comply with the local rules of the Middle District of Florida. However, on July 18, 2022, a mere seven days later, the Tampa Court transferred the case to this Court for further proceedings.

At every step of the proceeding following the transfer of the case to the Southern District of Texas, Mr. Beatty evidenced an intent to defend the suit. He filed a Notice of Appearance on August 3, 2022 (Doc. 198) and on November 8, 2022, Mr. Beatty filed a Motion to Appear via Zoom to appear at a status conference (Doc. 211).

### c. Defendants Have a Meritorious Defense.

The central issue in the case is whether Defendants committed fraud during a financial transaction related to the brokering of a shipment of masks from Dubai to the Plaintiff. Defendants have steadfastly maintained that they did not commit fraud and that the money transferred by order of the Plaintiff to the manufacturer remains in Dubai. Plaintiff's exhibits to his Third Amended Complaint show that Defendants attempted to have the manufacturer return the money to Plaintiff and that Plaintiff was aware the money was not in the possession of Defendants. With respect to the merits, the Court need only determine "whether there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Obinyan v. Walgreens Spec. Phar. Holdings, L.L.C.*, No. 21-10294, 2022 WL 987183, at *3 (5th Cir. Mar. 31, 2022) (emphasis added). The issues the Defendants will present at trial are issues that a trier of fact could find in favor of the Defendants, which would exonerate them from a claim of fraud, and are in direct conflict with the results entered because of the default. To be sure, Plaintiff will be required to put its evidence on to obtain a verdict against the co-defendants. Because Plaintiff will

5

Defendants' Motion for Leave to File Answer to Third Amended Complaint and in the Alternative Motion to Vacate Entry of Default

not be required to produce or offer evidence that is fundamentally different of a significantly greater magnitude than he will be offering at trial, there is no prejudice to the Plaintiff if he is required to offer evidence against these Defendants as well.  Finally, these factual determinations are important because although there exist little to no issues concerning the public interest, there is a substantial amount of money involved in this case which will work a significant financial loss to the defaulting party.

III.

## CONCLUSION

Defendants have intended to defend themselves since the inception of the case.  There were some deficiencies concerning the motions filed by Mr. Beatty in his attempts to have the entry of default vacated.  However, he has indicated through his actions that he intends to and would like the opportunity to have his day in court and for the jury to make a determination on the merits of Plaintiffs claims.  His neglect is excusable, and the equities lie in favor of this Court granting him an opportunity to file the answer to Plaintiffs Third Amended Complaint.  Further, the Defendants have shown that this Court will be well founded in exercising its discretion to vacate the entry of default judgment.  The Defendants have shown to this Court that there was no willful conduct on their part and that the Plaintiff will not be prejudiced if the Motion to Vacate the Entry of Default is granted.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Motion for Leave to File Answer to Third Amended Complaint be granted and the Court accept the Answer to Third Amended Complaint attached as an exhibit to this Motion and further pray that the Motion to Vacate Entry of Default be granted, and for further relief to which they may be entitled.

6

Defendants' Motion for Leave to File Answer to Third Amended Complaint and in the Alternative Motion to Vacate Entry of Default

Respectfully submitted,

ATLAS, HALL & RODRIGUEZ, LLP

By:/s/Michael Rodriguez
   State Bar No. 00791553
   Federal Bar Number 18759
   222 N. Expressway 77, Suite 203
   Brownsville, Texas 78521
   Tel. (956) 574-9333
   Fax: (956) 574-9337
   Email: mrodriguez@atlashall.com
**ATTORNEY FOR DEFENDANTS**

7

Defendants' Motion for Leave to File Answer to Third Amended Complaint and in the Alternative Motion to Vacate Entry of Default

## CERTIFICATE OF CONFERENCE

On the 10th day of April 2023, Defendants' Counsel contacted and spoke with Plaintiff's Counsel, Aaron Chausmer, via telephonic conference, and Plaintiff's Counsel was Opposed to Defendants' Motion for Leave to File Answer to Third Amended Complaint and Motion to Vacate Entry of Default.

*Michael Rodriguez /s/*
Michael Rodriguez

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was delivered to all counsel and parties of record on the 10th day of April 2023, via the Court's electronic filing system.

*Michael Rodriguez /s/*
Michael Rodriguez

8

Defendants' Motion for Leave to File Answer to Third Amended Complaint and in the Alternative Motion to Vacate Entry of Default